O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RICHARD VARGAS,                          )      CASE NO. ED CV 10-00989 RZ
                                         )
                        Plaintiff,       )
                                         )      MEMORANDUM OPINION
            vs.                          )      AND ORDER
                                         )
MICHAEL J. ASTRUE, Commissioner          )
of Social Security,                      )
                                         )
                        Defendant.       )
                                         )

        Plaintiff Richard Vargas challenges the Commissioner's decision denying his application for disability benefits, raising two arguments.  First, Plaintiff asserts that the Administrative Law Judge wrongly disregarded the opinion of the treating physician.  Second, Plaintiff asserts that both his past relevant work, and the additional jobs identified by the vocational expert, could not be performed consistent with the limitations imposed by the articulated residual functional capacity.  The Court concludes, however, that Plaintiff cannot succeed on these claims.

        At the request of Plaintiff's counsel, Plaintiff's treating physician filled out a form addressing Plaintiff's mental limitations.  In that form, the doctor checked off boxes, indicating that Plaintiff had extreme limitations in certain areas, marked limitations in other areas, and mild to moderate limitations in yet other areas.  The language of "extreme" "marked" and "mild to moderate" limitations is language found in Social Security

regulations, and the form clearly is designed to have a doctor state his opinion in the terms of the regulations.  The form contains no place for the doctor to amplify on the boxes checked, or to identify records that support the conclusion.

The question before the Court is what credence to give to this form.  What does it mean that a doctor, presented with this form, checks off the boxes?  The Court of Appeals has addressed this issue, beginning in *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983).  There, the Court contrasted the opinion of the Secretary's consulting physician, expressed in a check-the-box form, with the more detailed analysis by the treating physician, finding the supported treating physician's opinion more persuasive than the unsupported opinion by the consultant:

> The "diagnosis" upon which the Secretary relies to base her decision consists of check marks in boxes on a form supplied by the Secretary.  This "opinion" is in sharp contrast to the detailed analysis of the doctor relied on by the ALJ in *Perez* and also to the opinions of *Murray's* three doctors, one of whom had been treating Murray for over five years.

722 F.2d at 501 (emphasis in original).  The reluctance to place too much emphasis on the check-the-box opinions of medical professionals thus originated in the notion that the Commissioner could not rely on such an unsupported form when contrasted with detailed analysis or the opinions of treating professionals.  The same holds true for the claimant.

In *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996), the Court considered the use of check-off forms again, and again rejected their use.  There, the forms were the first indication of any mental impairment, and they had no accompanying explanation.  76 F.3d at 253.  Accordingly, the Court held that the Administrative Law Judge was justified in disregarding the opinions.  *See also Batson v. Commissioner of Social Security Administration*, 359 F.2d 1190, 1195 (9th Cir. 2004).

Thus, the cases stand for the proposition that opinions unaccompanied by explanation are not worth much. This is hardly a surprising proposition; every opinion needs supporting foundational facts. Had the check-off opinion in this case been accompanied by explanations on the form itself, then Plaintiff would have a better argument that the Administrative Law Judge should not have rejected it. Nor was the Administrative Law Judge obligated to contact the treating physician further, an obligation that arises only where the record is ambiguous. *Mayes v. Massanari*, 276 F.3d 453,459-60 (9th Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The Court will not sanction a procedure whereby a Plaintiff could present a physician with a form to fill out, and then claim that there was an ambiguity created by the fact that the physician filled out the form. Standing alone, the check-off opinion has little weight.

In this case, of course, the check-off opinion did not stand alone, for the physician who checked the boxes in fact had treated Plaintiff and had records of the treatment. Thus, the truly pertinent question was not whether the check-off opinion could be rejected because it was a check-off opinion, but rather whether the foundational facts supported the opinion. The Administrative Law Judge found that it was not so supported, finding that the treating records did not support findings of extreme or marked limitations. [AR 19] This certainly is a legitimate basis for rejecting a treating physician's opinion.

In this Court, Plaintiff protests that the treatment records do in fact support the opinion, and lists a variety of notations from various records. For the most part, however, the information Plaintiff identifies in his memorandum to the Court is information that shows that Plaintiff was impaired, not information that shows that the extent of Plaintiff's impairments meant that Plaintiff was extremely or markedly limited in functioning. Added to the fact that the treating physician himself did not identify any of these records as supporting his opinion, it is clear that the Administrative Law Judge was within his authority in assessing the evidence as he did. To the extent that it is susceptible to different interpretations, it is the interpretation made by the Administrative Law Judge that counts. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

1   The Court therefore finds no error on the first argument presented by Plaintiff.
2   The same is true of the second argument.  There, Plaintiff asserts that each of the jobs the
3   Administrative Law Judge identified that Plaintiff could perform — his past relevant work,
4   as well as other work that was available in the economy — was not consistent with the
5   residual functional capacity that the Administrative Law Judge articulated.  Plaintiff also
6   says that, with respect to his past relevant work, the Administrative Law Judge did not
7   write a clear and rational decision on this point, an argument that is clearly belied by the
8   record.

9         The vocational expert testified that Plaintiff could perform his past relevant
10  work as a fast food worker the way he had performed it — as a cook, not as a cashier, a
11  part of the job where he had to interact with people.  [AR 41]  She further testified that, as
12  he performed it, it was a steady-paced job, not a fast-paced one.  [AR 42]  Past relevant
13  work may be assessed either as it is generally performed in the economy, or as the claimant
14  actually performed it.  *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).  Hence,
15  Plaintiff's argument to this Court that the position as defined by the Labor Department's
16  DICTIONARY OF OCCUPATIONAL TITLES does not square with the Plaintiff's residual
17  functional capacity is beside the point, because Plaintiff could perform the job as he
18  actually had performed it before.

19        The determination whether a claimant can perform his past relevant work is
20  made at Step four of the sequential evaluation.  Since the Administrative Law Judge
21  committed no error in finding that Plaintiff could perform his past relevant work, Plaintiff's
22  arguments that the Administrative Law Judge erred by finding that Plaintiff also could
23  perform other work in the economy — a finding made at Step five, if the claimant *cannot*
24  perform past relevant work — are moot.  Accordingly, Plaintiff's argument that he could
25  not work consistently with his residual functional capacity fails.

26  ///

27  ///

28  ///

-4-

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED:   February 3, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE